IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Russell Ward Reinhold,<br><br>      Plaintiff,<br><br>v.<br><br>Officer John Tisdale, Badge<br>#657, in his individual and<br>official capacities as a<br>Municipal City Police Officer<br>for Georgetown, SC,<br><br>      Defendant. | Civil Action No. 8:06-3311-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

  The plaintiff, a pro se prisoner, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion to dismiss or, alternatively, to quash service.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

  The plaintiff brought this action on November 21, 2006, seeking damages for alleged civil rights violations. On February 16, 2007, the defendant moved for dismissal, or, alternatively, to quash service. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 16, 2007, the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 27, 2007, the plaintiff filed a response opposing the defendant's motion.

**Facts**

On January 26, 2007, copies of the summons and complaint in this action were delivered to Captain James B. Arnold, Jr., Commander of the Uniform Patrol Division of the Georgetown Police Department. (Def.'s Mem. Supp. Mot. to Dismiss at 2.) On that date, the defendant was on leave of absence from his position with the Georgetown Police Department and serving in the Army National Guard. (*Id.*) The defendant was training in Mississippi and to be deployed to Afghanistan. (*Id.*)

**Discussion**

The defendant filed a motion to dismiss this civil action pursuant to Federal Rule of Civil Procedure 12(b)(5).[1] Under Rule 12(b)(5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) governs the service of process upon individuals in the United States and provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode or (2) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. *Id.* Noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not

---

[1] Although the defendant does not cite specifically to Rule 12(b)(5), his motion to dismiss upon the ground of insufficient service is clearly one brought pursuant to this rule.

been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir.1963). Further, "[u]nder Rule 4, [the] plaintiff bears the burden of establishing the validity of service once service has been contested." *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 662 (D.Md.1986) (internal citations omitted).

Rule 4(c)(1), Fed. R. Civ. P, also requires a plaintiff to serve the defendant with both a summons and the complaint within 120 days of the filing of the complaint. If such service does not occur, a court can either dismiss the case or if the plaintiff shows good cause for the failure to serve, direct that service be effected. Rule 4(m) states that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).

Under Rule 4(e), the actual acceptance of service by the an employer does not necessarily indicate that service was properly effectuated on the individual defendant. The Court notes that Captain Arnold states that in his position, he often accepts legal documents on behalf of the police officers under his command. (Arnold Aff.¶ 2.) However, even assuming the defendant conferred such authority on Captain Arnold when the defendant was an active officer under Captain Arnold's command, there is absolutely no evidence that the defendant intended to confer authority upon Captain Arnold to continue to act as his agent while the defendant was on leave and not under Captain Arnold's command. *See* Wright and Miller, Federal Practice and Procedure Civil 3d § 1097 (2002) ("[T]he federal courts have held that claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended

to confer the authority upon the agent . . ."). Further, there is nothing in the record showing that the defendant has actual notice of this action.

Therefore, it appears that service of process in this case was initially inadequate and now the time to perfect service has run. However, since the plaintiff has been granted In forma pauperis ("IFP") status in this case,[2] service requirements fall under the holding of *Greene v. Holloway*, 210 F.3d 361 (4th Cir.2000) (unpublished).[3] In *Greene*, the Fourth Circuit Court of Appeals cited with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir.1995), which held that

> [a] prisoner need only furnish the Marshal's Service with information necessary to identify the defendants. . . .[O]nce the former [defendant] is identified, the Marshal's Service should be able to ascertain the [defendant's] current address and, on the basis of that information, complete service. The prisoner may rely on the Marshal's Service to serve process, and the Marshal's Service's failure to complete service is automatically "good cause" to extend time for service under Rule 4(m). . . . [This holding] is grounded in the belief that use of marshals to effect service alleviates two concerns that pervade prisoner litigation, state or federal: 1) security risks inherent in providing the addresses of prison employees to prisoners; and 2) the reality that prisoners often get the "runaround" when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result.

*Id.* at 713 (internal citations omitted). In addition, the defendant has not alleged any

---

[2](Docket Entry # 6.)

[3]As the Second Circuit has recognized, a pro se plaintiff who has been granted IFP status is "dependent upon United States Marshals to effectuate service of process." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 309 (2d Cir. 1986). "By granting [a plaintiff] leave to pursue his § 1983 claim in forma pauperis, [a district court] shift[s] the responsibility for serving the complaint from [the plaintiff] to the court." *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). Such a plaintiff is thus "relieved by his poverty of the responsibility for filing and effecting service of his complaint," and has "thus relinquished control over service . . . ." *Id.*

prejudice which would result from granting the plaintiff an extension of time to serve the defendant. Therefore, the plaintiff should be granted an extension within which to serve the defendant.

## Conclusion

The defendant asserts that the case should be dismissed because of insufficiency of service of process. Whether or not to dismiss a case under Rule 12(b)(5), Fed. R. Civ. P., for insufficiency of service is within the discretion of the court. *Dimensional Communications, Inc. v. OZ Optics, Ltd.*, 218 F.Supp.2d 653, 655 (D.N.J. 2002). Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished. *Curcuruto v. Cheshire*, 864 F.Supp. 1410, 1411 (S.D.Ga.1994). When there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30-31 (3d Cir.1992); *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10 Cir.1983). The defendant has not shown how he would be prejudiced by quashing the service or why service can not be completed.

## RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that the Defendant's Motion to Dismiss be DENIED and the Defendant's Alternative Motion to Quash Service be GRANTED.

Defense counsel should advise the Court in writing within the time period for filing objections to this Report and Recommendation as to whether he is authorized to accept service on behalf of the defendant. The parties are also reminded of the provisions of

Federal Rule of Civil Procedure 4(d)(2) relating to waiver of service. If the District Court adopts this report, and defense counsel advises the Court that he is not authorized to accept service and a waiver is not obtained, a separate order will be issued directing service on the defendant.

    IT IS SO RECOMMENDED.

        s/Bruce Howe Hendricks
        United States Magistrate Judge

April 30, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).