IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Russell Ward Reinhold, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>Officer John Tisdale, Badge #657, in his )<br>individual and official capacities as a )<br>Municipal City Police Officer for )<br>Georgetown, South Carolina, )<br>)<br>    Defendant. )<br>                   ) | C/A No.: 8:06-3311-MBS-BHH<br><br>**O R D E R** |

  Plaintiff Russell Ward Reinhold is an inmate in custody of the South Carolina Department of Corrections and is currently housed at Kershaw Correctional Institution. Appearing *pro se* and *in forma pauperis*, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant John Tisdale violated Plaintiff's civil rights during an illegal arrest.[1]

  This matter is before the court on Defendant's motion to dismiss, or in the alternative, to quash service of process filed February 16, 2007. Motion to Dismiss (Entry 11). Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff failed to properly effect service of process as required by Fed. R. Civ. P. 4(e). Memorandum in Support of Motion to Dismiss, 2-3 (11-2). Alternatively, Defendant requests that the court quash the attempted service of process. Id. By order filed February 16, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to Defendant's motion on March 27, 2007.

---

  [1]   Specifically, Plaintiff claims that Defendant "act[ed] in a capricious and violative [sic] manner," "lev[ied] false charges" against Plaintiff, and improperly seized Plaintiff's person and property during the arrest. Complaint, 3 (Entry 1).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On April 30, 2007, the Magistrate Judge filed a Report and Recommendation in which she recommended that the court deny Defendant's motion to dismiss and grant the motion to quash. Report and Recommendation, 5-6 (Entry 14). Plaintiff filed objections to the Report on May 14, 2007. Objections to Report (Entry 15).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**FACTS**

The facts of this case are detailed in the Magistrate Judge's report. Report and Recommendation, 1-2. Briefly, Plaintiff filed this complaint on November 21, 2006, contending that Defendant, who was then employed as a police officer with the Georgetown Police Department ("GPD"), violated his constitutional rights during an arrest on April 6, 2006. On January 26, 2007, the complaint and summons were served on Captain James B. Arnold, Jr., Commander of GPD's Uniform Patrol Division.[2] When the documents were delivered, Defendant was on an extended leave

---

[2] According to Arnold's affidavit, he "often accept[s] service of legal documents, including subpoenas, on behalf of police officers under [his] command." Affidavit of James Arnold, Jr., 1 (Entry 11-3).

2

of absence from GPD due to his being called upon by the Army National Guard for training in Mississippi and future deployment to Afghanistan.

## DISCUSSION

The court has reviewed Plaintiff's objections to the Report and Recommendation. Plaintiff does not raise any objection to the Magistrate Judge's findings; rather, he simply states that service of process was properly effected and requests that the court compel Defendant to file an answer. See, e.g., Objections to the Report, 2 ("Arnold . . . has completed his step, as an Agent. And [sic] delivered this summons and complaint to Defendant or Defendants [sic] attorney."); id. at 3 ("This service is complete [sic] the Defendant only need to be compeled [sic] to answer the complaint."). Even if the court construed these statements as objections to the Report and Recommendation, at most, they would be the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

The Magistrate Judge properly found that Plaintiff's attempted service failed to comport with Fed. R. Civ. P. 4, which governs service of process on individuals. Fed. R. Civ. P. 4(e) provides that service on an individual may be effected either: (1) in accordance with the "law of the state in which the district court is located, or in which service is effected," or (2) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or . . . by delivering a copy of the summons and of the complaint to an

3

agent authorized by appointment or by law to receive service of process."[3]  Under Fed. R. Civ. P. 4(m), service of process must be perfected within 120 days after the filing of the complaint.

In the instant case, Plaintiff's attempt to effect service on Defendant by delivering the complaint and summons to Arnold fails to satisfy Rule 4(e)'s requirements.  Although Arnold states that he often receives legal documents on behalf of GPD officers, there is no indication in the record that Defendant authorized him to serve as his agent in this case.  See Wright & Miller, Federal Practice and Procedure Civil 3d § 1097 (2002) ("[T]he mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean that the person has authority to receive the summons and complaint. . . . [A]lthough authority to accept process need not be explicit, it must either be express or implied from the type of relationship that has been established between the defendant and the alleged agent.  Thus, a financial agent, secretary, manager of the defendant's business, or even the defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place.").  Thus, without evidence that Defendant actually authorized Arnold to accept process for him, the January 26, 2007 delivery of the documents constitutes insufficient process under Rule 4(e).[4]

---

[3]  The applicable state rule of civil procedure conforms to the Fed. R. Civ. P. 4(e)(2).  See Rule 4(d)(1), SCRCP ("Upon an individual other than a minor under the age of 14 years or an incompetent person, by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process.").

[4]  The fact that Arnold actually accepted the documents does not indicate that service was properly effected on Defendant.  See id. ("[T]he federal courts have held that claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer the

4

Nonetheless, Plaintiff's failure to adequately perfect service does not mandate dismissal of this action. Pursuant to Fed. R. Civ. P. 4(m), "if the plaintiff shows good cause for the failure [to serve the summons and complaint within the 120-day period following the filing of the complaint], the court shall extend the time for service for an appropriate period." Since Plaintiff has been granted *in forma pauperis* status, service requirements and the "good cause" standard are dictated by Greene v. Holloway, 210 F.3d 361 (4th Cir. 2000) (unpublished). In Greene, the Court of Appeals for the Fourth Circuit cited with approval to Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995), which held that:

> [a] prisoner need only furnish the [United States] Marshals Service only with information necessary to identify the defendants. . . . [O]nce the former prison employee is identified, the Marshals Service should be able to ascertain the individual's current address and, on the basis of that information, complete service. The prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically "good cause" to extend time for service under Rule 4(m).

Id. at 713 (internal citations omitted). Both the holding in Graham and the Fourth Circuit's ruling in Greene require the Marshal's Service to expend a reasonable investigative effort to locate a defendant after receiving "sufficient information to identify the defendant." Greene, 210 F.3d at 361. Here, Plaintiff provided Defendant's full name, badge number, and place of employment. Accordingly, the court finds that the Marshals Service's failure to complete service constitutes good cause to extend the time for service because Plaintiff has provided sufficient information to identify Defendant.

**CONCLUSION**

The court adopts and incorporates herein by reference the Report and Recommendation.

---

authority upon the agent.").

5

Defendant's motion to quash service is **granted**. Defendant's motion to dismiss for lack of service of process is **denied**. The within action is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

       /s/ Margaret B. Seymour
       Margaret B. Seymour
       United States District Judge

July 25, 2007

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**