IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Russell Ward Reinhold, ) | |
| ) | Civil Action No. 8:06-3311-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Officer John Tisdale, Badge ) | **OF MAGISTRATE JUDGE** |
| #657, in his individual and ) | |
| official capacities as a ) | |
| Municipal City Police Officer ) | |
| for Georgetown, SC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, a pro se prisoner, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment (Dkt. Entry # 23) and the plaintiff's motion for an extension of time for discovery. (Dkt. Entry #26.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on November 21, 2006, seeking damages for alleged civil rights violations. On October 12, 2007, the defendant moved for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on October 15, 2007, the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 8, 2008, the plaintiff filed a

response opposing the defendant's motion.

## FACTS

On April 6, 2006, at 10:00 a.m. the plaintiff, Russell Reinhold, was stopped while riding a lawn tractor on Highmarket Street in Georgetown by the defendant Officer Jon Tisdale. (Pl.'s Aff. Opp. Def.'s Summ. J. Mot. 2-3; Pl.'s Mem. Supp. Summ. J. Mot. at 1.) The plaintiff alleges Officer Tisdale gave him seven tickets[1] for 1) impeding a roadway, 2) driving under suspension ("DUS"), 3) operating an uninsured vehicle, 4) failure to give a signal, 5) not having mirrors on the vehicle, 6) not having reflectors, and 7) operating an unsafe vehicle. (*Id.* 3-6.)

He brought this action alleging "vindictive prosecution, false imprisonment, extortion, civil and criminal conspiracy and civil rights violations." (Compl. at 2.) He is seeking $500,000 in punitive and actual damages. (Compl. at 5.) He also wants the defendant to be removed from law enforcement and the criminal justice system and he wants criminal charges to be brought against him "for violating [his] federal civil rights." (*Id.*) Finally, he wants the defendant to pay for all of his court costs and attorney's fees. (*Id.*)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

---

[1]The plaintiff states Tisdale actually wrote eight tickets, but one of them was not given to him. (Pl.'s Aff. Opp. Def's. Summ. J. Mot. at 3.)

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252.

3

Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

As stated above, the plaintiff brought this § 1983 action alleging "vindictive prosecution, false imprisonment, extortion, civil and criminal conspiracy and civil rights violations." (Compl. at 2.)   To establish a cause of action under § 1983, a plaintiff must allege: 1) the violation of a right protected by the Constitution or laws of the United States, and  2) that the defendant was acting under color of law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Initially, the undersigned notes that to the extent that the plaintiff is attempting to allege an extortion claim under § 1983, such a claim is not properly raised under § 1983 as it  does not involve a deprivation of a constitutional right. *See United States v. Loftus*, 992 F.2d 793, 796 (8th Cir.1993); *Sembach v. Cuthbertson*, 2006 WL 3627502, at *6 (D.Ariz. Dec. 13, 2006)(unpublished).

Further, to establish a civil conspiracy under § 1983, the plaintiff must present evidence that the defendant acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right, allegedly due process in this case. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. *Id*.  To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that

4

the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." *Id.* A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. *Id*. at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. *Id*. Here, the plaintiff has presented nothing other than his own speculation that there was a conspiracy. Thus, this claim must fail.

This leaves the plaintiff's claims for malicious prosecution and false imprisonment under §1983. The Fourth Circuit Court of Appeals has held that there is no independent cause of action for a § 1983 malicious prosecution claim, separate and distinct from a plaintiff's constitutional claims. *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)(holding allegations that an arrest made pursuant to a warrant not supported by probable cause states Fourth Amendment claim analogous to malicious prosecution). Rather, such a claim must be founded on a Fourth Amendment seizure. *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000).

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir.1996). Allegations that law enforcement officers seized a plaintiff "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a . . . claim alleging a seizure that was violative of the Fourth Amendment." *Id*. at 183-84. Accordingly, the plaintiff must show that his arrest was without

probable cause and the state criminal proceedings terminated in his favor.

Probable cause requires facts and circumstances sufficient to warrant a prudent person to believe that the suspect has committed or is committing a crime. *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998). To determine whether or not probable cause existed, a court must examine the "totality of the circumstances" known to the officers at the time of arrest. *United States v. Al-Talib*, 55 F.3d 923,931 (4th Cir. 1995). Allegations that an arrest violates state law does not state a claim unless there was no probable cause for the arrest. *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1139 (4th Cir. 1982). Probable cause for a warrant-less arrest is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). Further, "[p]robable cause requires more than mere suspicion of wrongdoing, but requires much less evidence than needed to convict." *Walker v. Scott*, 2006 WL 1288315, at *6 (W.D.Va. 2006). Thus, "[t]he proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

Further, even if it is determined that the plaintiff was innocent, which has not been shown in this case, the question is not whether there was actually probable cause for the

arrest, but whether an objective officer could reasonably have believed probable cause existed. *Gomez v. Atkins*, 296 F.3d 253, 261-262 (4th Cir. 2002). Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995). If probable cause existed for any of the charges made, or if a reasonable police officer could believe probable cause existed, the false arrest claim fails. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002).

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). In *Whren*, the United States Supreme Court held that police officers can temporarily detain a motorist when they have probable cause to believe the motorist violated a traffic ordinance, even if the police have some other motivation to stop the motorist. *Id*. As long as the officer has a reasonable suspicion that even a minor traffic offense has occurred or is occurring, the stop of the vehicle is constitutionally permissible. *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993). Finally, in *Graham v. Connor*, 490 U.S. 386 (1989)(citations omitted), the Supreme Court held that the reasonableness of police action implicating the Fourth Amendment "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."

First, the undersigned notes that the fact that the plaintiff was not convicted on all the charges does not mean that the defendant Officer Tisdale did not have probable cause to

arrest him. Not everyone who is arrested but not convicted has a cause of action for violation of § 1983. The Constitution does not guarantee that only the guilty will be arrested. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Here, viewed from the objective perspective of a reasonable officer on the scene, such an officer would believe that probable cause existed to effectuate the arrest of plaintiff. Officer Tisdale stated in his affidavit that the tractor was traveling on a street at a slow rate of speed by the plaintiff who had a suspended license. (Tisdale Aff. at ¶¶ 2, 3.) More importantly, while the plaintiff refutes that the facts support most of the offenses he was charged with, he also states that the facts made the first ticket for impeding the roadway "plausible." (Pl.'s Mem. Opp. Summ. J. Mot. at 3.) Accordingly, the plaintiff's own statement establishes that Officer Tisdale had probable cause to charge him with impeding a roadway and, as stated above, if probable cause existed for any of the charges made, the false arrest claim fails. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002). Based on the foregoing, the plaintiff has failed to state a false arrest claim.

**Qualified Immunity**

Having found that the plaintiff has not raised any viable § 1983 claims, the court need not determine whether any rights the plaintiff has asserted were "clearly established" for purposes of qualified immunity. *See DiMeglio v. Haines*, 45 F.3d 790, 799 (4th Cir.1995) ("In many cases where a defendant has asserted qualified immunity, dismissal or even an award of summary judgment may be obviously warranted, based upon existing law, without the court ever ruling on the qualified immunity question."); *Gordon v. Kidd*,

971 F.2d 1087, 1093 (4th Cir. 1992) ("In analyzing the appeal of a denial of summary judgment on qualified immunity grounds, it is necessary first to identify the specific constitutional right allegedly violated, then to inquire whether at the time of the alleged violation it was clearly established.").

**State Law Claims**

To the extent that the plaintiff is attempting to bring claim of malicious prosecution, false imprisonment, civil conspiracy, or extortion under South Carolina common law, such state law claims are not actionable under § 1983.  *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000).   Thus, the court should decline to exercise supplemental jurisdiction over such state law claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set forth above. *See* 28 U.S.C. § 1367(c).

### RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (#23) be GRANTED.   FURTHER, it is RECOMMENDED that the Plaintiff's Motion for an Extension (#26) be DENIED as moot.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

March 6, 2008
Greenville, South Carolina


**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).