IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Russell Ward Reinhold, ) | |
| ) | C/A No. 8:06-3311-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R  A N D** |
| Officer John[1] Tisdale, Badge #657, in his ) | **O P I N I O N** |
| individual and official capacities as a ) | |
| Municipal City Police Officer for ) | |
| Georgetown, South Carolina, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought by Russell Ward Reinhold ("Plaintiff") against Officer Jon Tisdale ("Defendant") pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant subjected him to "vindictive prosecution, false imprisonment, extortion, civil and criminal conspiracy and civil rights violations" during a traffic stop. Plaintiff's Pro Se Complaint, p. 2.

This matter is before the court on Defendant's motion for summary judgment (Entry 23) and Plaintiff's motion for extension of time (Entry 26). On October 12, 2007, Defendant filed a motion for summary judgment. On October 15, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court issued an order ("Roseboro Order") advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. On October 26, 2007, Plaintiff filed a motion for extension of time to complete discovery.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for a Report and Recommendation. The

---

[1] Officer Tisdale's first name is appropriately spelled "Jon." See Tisdale Affidavit, p. 1.

Magistrate Judge filed a Report and Recommendation on March 6, 2008, recommending that Defendant's motion for summary judgment be granted and Plaintiff's motion for extension of time be denied as moot. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on March 26, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). However, the court is not obligated to conduct a de novo review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## I. FACTS

The facts are set forth fully in the Magistrate Judge's Report. Briefly, on April 6, 2006, Defendant responded to a call and observed Plaintiff riding a lawn tractor on Highmarket Street in Georgetown, South Carolina. According to Plaintiff, Defendant pulled him over and gave him seven tickets for impeding a roadway, driving under suspension, operating an uninsured vehicle, failure to give a signal, not having mirrors on the vehicle, not having reflectors, and operating an unsafe vehicle. Opposition to Summary Judgment, pp. 2-6. Defendant took Plaintiff into custody and transported him to the Georgetown County Detention Center. Tisdale Affidavit, p. 1.

II.  DISCUSSION

A.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Once the moving part makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id.  Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Mayland Cmty. College, 955 F.2d 924, 928 (4th Cir. 1992).

B.  Plaintiff's Objections

As an initial matter, the Magistrate Judge correctly construed Plaintiff's pro se allegations to state a claim for illegal seizure in violation of the Fourth Amendment.[2]  However, the Magistrate

---

[2] The Magistrate Judge correctly found that Plaintiff's claim for extortion was not actionable under § 1983 because it did not involve the deprivation of a constitutional right and that Plaintiff's claim for civil conspiracy was not adequately plead.  The Magistrate Judge correctly construed Plaintiff's remaining claims for malicious prosecution and false imprisonment to assert a violation of the Fourth Amendment.  See Report and Recommendation, pp. 4-5.

Judge found that Plaintiff failed to establish a Fourth Amendment violation because "viewed from the objective perspective of a reasonable officer on the scene, such an officer would believe that probable cause existed to effectuate an arrest of plaintiff." Report and Recommendation, p. 8. Plaintiff objects to the Magistrate Judge's finding on the grounds that "Officer Tisdale knew the moment he saw me on the tractor . . . that I was in no way violating any laws." Plaintiff's Objections, p. 3. The court disagrees.

"When an officer observes a traffic offense – however minor – he has probable cause to stop the driver of the vehicle." United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993) (quoting United States v. Cummins, 920 F.2d 498, 500-501 (8th Cir. 1990)). Such stops are constitutional even in cases where the officer "reasonably but mistakenly conclude[s] that probable cause is present. . . ." Gomez v. Atkins, 296 F.3d 253, 262 (4th Cir. 2002) (quoting Anderson v. Creighton, 482 U.S. 635, 641 (1987)).

In an affidavit attached to the motion for summary judgment, Defendant avers that he stopped Plaintiff after observing that Plaintiff's vehicle "was traveling at a low rate of speed and . . . that the lawnmower did not have the proper reflectors, lamps or mirrors." Tisdale Affidavit, p. 1. Defendant subsequently discovered that Plaintiff was driving under a suspended license and took him into custody. Id. Plaintiff does not dispute that he was traveling at a slow rate of speed, that his lawnmower lacked mirrors, and that he was driving under a suspended license. Under these circumstances, it was objectively reasonable for Defendant to believe that Plaintiff was in violation of traffic safety laws. The court therefore concurs with the Magistrate Judge's conclusion that no Fourth Amendment violation occurred either in the initial traffic stop or Plaintiff's subsequent detention.

III. <u>CONCLUSION</u>

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary judgment (Entry 23) is GRANTED. Plaintiff's motion for extension of time (Entry 26) is denied as MOOT.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour<br>
Margaret B. Seymour<br>
United States District Judge

July 25, 2008
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**